JAMES CALLOWAY *vs.* JOHN Y. BRYCE.

1.    Where on the trial of an action for breach of contract, it is alleged that the original contract touching which there was no dispute, had been varied, and the contents of certain letters are relied on, and the same being shown to be lost, there is parol proof of their contents, and it is admitted that the letters contained a modification, and there was no controversy as to the particular language used in them, and *held* that this Court could not pronounce a charge erroneous which submits to the jury to find whether or not the contract had been modified as contended for, especially when the point made in this Court to wit: that His Honor should have instructed the jury as to a question of law whether the evidence proved a modification, does not appear to have been suggested in the Court below, but on the contrary, on the trial it seemed to be conceded, that if the contents of the letters were, as testified to that there had been a modification and the contest was as to the fact of the existence of the letters.

2.    Although the general rule is that where a contract has existed in writing, it is the duty of the Judge on proof or its contents, (if lost) to instruct the jury as to the *legal effect* of the words, yet the vigorous application of this rule is often impracticable, it being Impossible in many cases, to separate the language used from its meaning, so as to elimtnate one from the other.

2.    Nor is it in general, important when the words used are untechnical, as in such cases a jury is as competent to pass on the effect as a Judge.

This was an action on the case tried before Mitchell, Judge, and a jury at the Fall Term 1870 of Wikes Superior Court.

The plaintiff declared against the defendant in two counts :

1. Trover for the conversion of a quantity of brandy.

2. For a breach of duty by defendant, as the plaintiff's bailee of the brandy.

There was evidence in behalf of the plaintiff, tending to show that the plaintiff had stored with the defendant about 219 gallons of brandy about the 20th of June 1864 for sale, that the defendant was to receive by way of compensation, one half of all realized over $70 (Confederate money) per gallon this agreement was admitted by the defendant, it was also in evidence by the oath of the plaintiff, that in the fall of 1864 he modiffed the agreement by requiring the brandy to be sold $\frac{1}{3}$ for specie, $\frac{1}{3}$ for bank notes, and $\frac{1}{3}$ for Confederate bonds,and to pay the defendant a reasonable commission, that he communicated this proposed variation of the agreement to the defendant by letter, and received letters from him in reply assenting thereto: it seems that the parol evidence of the contents of the letters was received without objection.

The defendant insisted that there had been a modification of the contract, and introduced in evidence sundry letters from plaintiff to him, and after evidence of loss, was permitted to give in evidence their contents in support of this view.

The plaintiff denied the alleged second modification.

His Honor, in his charge, left the question of modification of the original contract as a question for the determination of the jury, reciting the evidence *pro* and *con,* and with appropriate observations, touching the respective rights and obligations of the plaintiff and defendant upon the different hypotheses presented by the conflict of testimony.

No request was made to His Honor to instruct the jury as to the legal effect of the language used in the letters, and the only point made by the defendant below was raised by a special request to instruct the jury that if the contract was as first

above-stated, that plaintiff had no right to charge it, &c., which was declined by His Honor.

There was a verdict and judgment for the plaintiff and the defendant appealed.

*Battle & Sons* for the appellant:

1. What a contract means is a question of law. 2 *Par Cont.*, 422, note b; *Hutchison* v. *Burke*, M. and W., 235; *Young* v. *Jeffries*, 4 D. and B., 216; *Massey* v. *Belisle*, 2 Ired., 170; *Sizemore* v. *Morrow*, 6 Ired., 54.

2. What amounts to an abandonment of the contract is a question of law for the Court. *Dula* v. *Cowles*, 7 Jones, 290.

*Batchelor, Strong* and *Armfield* for the appellee.

It was properly left to the jury to say whether the original understanding had been modified. *State* v. *Scott*, 64 N. C. 586,

RODMAN, J.   The only question which is made in this case case is upon the instructions of the Judge below. But the point cannot be made intelligible without a brief statement of the case.   The declaration alleges that the plaintiff, being the owner of certain brandy, deposited it with the defendant for sale, and that he kept it so negligently that it was lost; and in a second count, that defendant sold it, but has refused to account for the price.

There was evidence tending to show that plaintiff had deposited the brandy with the defendant for sale, and the parties had agreed that the price should be not less than $70 per gallon in Confederate money, and that defendant should receive as his compensation one-half of all he could sell, for over that price.

There was also evidence that plaintiff afterwards instructed the defendant not to sell on those terms, but to sell for one-

third specie, one-third North Carolina Bank notes, and one-third Confederate bonds of a certain description, to which the defendant assented. The evidence of the modification of the former contract was in certain letters from the defendant, which were lost at the trial and the contents of which were proved by the testimony of the plaintiff.

There was also evidence tending to show that these latter instructions had been withdrawn, and the currency in which payment was to be recived, left to the discretion of the defendant.

His Honor left it to the jury to find whether the first contract (the existence of which was admitted on both sides) had been modified as contended by the plaintiff, and also whether if so modified, this last contract had been subsequently changed as contended by the defendant. He also instructed the jury as to the measure of damages in the event that they should find that the first contract had been modified and that no subsequent ehange had been made ; but no exception was taken as to this part of the charge.

The jury found a verdict for the plaintiff. The defendant excepts to the part of the charge which submits to the jury to find whether or not the first contract had been modified as contended for. He contends that as the proof of this modification was in writing, it was the duty of the Court to put a construction upon the writing, and to say whether or not in law the language of the writing amounted to a modification ; and this was not less the duty of the Court because of the loss of the writing and the oral proof of its contents ; but that the Judge should have left it to the jury to find the contents, with instructions as to the legal effects of such contents ; that is to say, if there were—thus—it amounted to a modification, but if otherwise, it did not.

The first observation to be made on this exception is, that it does not appear to have been taken on the trial.

His Honor was not asked to submit the matter to the jury

in the way it is now said he ought to have done.   There does not appear to have been any controversy [as to the particular language of the letters.   It seems to have been assumed that if they existed at all, they amounted to a modification.   For this reason alone, we should overrule the present exception.

But secondly, although it is theoretically correct as a general rule, that where a contract has existed in writing, it is the duty of the Judge on proof of the contents, to instruct the jury as to the meaning and legal effects of the words used; yet the vigorous application of the rule will be found in many cases inconvenient and impracticable.   It is impossible in many cases to separate the language used from its meaning, so as to submit the one to the jury distinct from the other.   Often all that the witness recollects, is the substance of the writing, that is its meaning and effect is understood by him, and in such a case, a separation of the issues seems to be impossible.   Nor is it in general important, where the words used are not technical, and have only the ordinary meaning, as appears to have been the case here.   In such cases a jury is as competent to pass on their effect as a Judge is.

His Honor seems to have left the question to the jury in the only way the nature of the case permitted.

We see no error on the record.

Per Curiam.        ·                    Judgment affirmed.